

**FILED**

**MAY 27 2005**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| MICHAEL N. LINDHOLM,<br><br>            Plaintiff,<br><br>-vs-<br><br>ADEL A.F. HASSAN, M.D.,<br><br>            Defendant. | CIV. 04-4025<br><br>MEMORANDUM OPINION AND<br>ORDER RE: PREJUDGMENT INTEREST |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

A jury trial was held in this case on May 17-20, 2005, and on May 20, 2005, a jury verdict was entered in favor of the Plaintiff. Plaintiff has now moved the Court for entry of judgment on the jury's verdict, and has requested that $19,192.65 in prejudgment interest be added on to the jury's award of $96,335.97 for the reasonable value of past medical expenses. Doc. 80. The award coincides with the entire amount of medical expenses billed by Plaintiff's medical providers. Defendant objects to the Plaintiff's motion to the extent that Plaintiff is requesting prejudgment interest on the portion of the award which represents the approximate amount of $33,000 which was written off by the medical providers by operation of the Medicare laws. This Court ruled prior to trial that the collateral source rule precludes a reduction in Plaintiff's claimed medical expenses to the amount of medical expense actually incurred.

In a diversity action, the question of prejudgment interest is a substantive issue which is controlled by state law. *Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616, 625 (8th Cir. 2003). The South Dakota Supreme Court has long recognized that the purpose of awarding prejudgment interest is "'to do justice to one who has suffered a loss at the hand of another person.'" *South Dakota Subsequent Injury Fund v. Homestake Mining Co.*, 603 N.W.2d 527, 529 (S.D. 1999)(quoting *Jensen Ranch, Inc. v. Marsden*, 440 N.W.2d 762, 767 (S.D. 1989)). The South Dakota

Supreme Court has further explained: "'The true principle, which is based on the sense of justice in the business community and our statute, is that he who retains money which he ought to pay another should be charged interest upon it.'" *Id.* (quoting *Gearhart v. Hyde*, 164 N.W. 58, 59 (S.D. 1917)).

Because of the applicable Medicare laws, 42 U.S.C. § 1395cc and 42 C.F.R. § 489.21(a), noone had an obligation to pay the medical providers the written-off portion of the medical bills. Defendant correctly observes that neither Plaintiff nor any other person or entity lost the use of any money for the written-off portion of the medical bills as those amounts were never paid by anyone. The Court concludes that justice will be done and South Dakota law will be followed by limiting the amount of Plaintiff's recoverable prejudgment interest to that interest accrued on the actual amount of money the Plaintiff, or anyone or any entity on his behalf, such as Medicare, spent on Plaintiff's medical expenses. Accordingly,

IT IS ORDERED:

(1) that Plaintiff's request for entry of judgment pursuant to FED. R. CIV. P. 58(d) is granted in part and denied in part in accordance with this memorandum opinion; and

(2) that within 10 days of the entry of this memorandum opinion and order, the Plaintiff, and the Defendant, if he so desires, shall submit prejudgment interest calculations in accordance with this opinion and applicable law.

Dated this 27th day of May, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)   DEPUTY

2